UNTIED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**INTERATIONAL ALLIANCE OF THEATRICAL STAGE EMPLOYEES, MOVING PICTURE TECHNICIANS, ARTISTS AND ALLIED CRAFTS, LOCAL 11,**

Plaintiff,

vs.

**MARTIN SPORTS & ENTERTAINMENT, LLC,**

Defendant.

Case:1:19-cv-12579-IT
Hon. Indira Talwani

## ANSWER TO COMPLAINT

Defendant Martin Sports & Entertainment, LLL ("Martin Sports"), by its attorneys, answers the Complaint of Plaintiff as follows:

### INTRODUCTION

1. This is an action brought by a labor organization that represents employees in an industry affecting commerce seeking to enforce its contract with an employer.

**Answer:** Martin Sports admits the allegations as pleaded as these pertain to Plaintiff's status as a labor organization, but it denies that it has an enforceable contract of any kind with Plaintiff and any implied allegations of wrongful conduct because such allegations are untrue and predicated on erroneous conclusions of law.

### PARTIES

2. Plaintiff International Alliance of Theatrical Stage Employees, Moving Picture Technicians, Artists and Allied Crafts, Local **11** ("IATSE, Local 11") is a labor organization

with a principal office located at 152 Old Colony Avenue, South Boston, Massachusetts 02127.

**Answer:** Martin Sports admits the allegations as pleaded.

3.      Defendant Martin Sports & Entertainment, LLC is a limited liability company with a mailing address of P.O. Box 252084, West Bloomfield, Michigan 48325, and with the following registered office and registered agent: Registered Agents, Inc., 2222 West Grand River Avenue, Suite A, Okemos, Michigan 48864.

**Answer:** Martin Sports admits the allegations as pleaded.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction under Section 301(c) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185(c). Venue is appropriate in this Court also pursuant to LMRA, Section 301(c).

**Answer:** Martin Sports neither admits nor denies the allegations as pleaded because these constitute legal conclusions as to which no answer is required.

## FACTS

5.      On May 8, 2019, Defendant Martin Sport & Entertainment, LLC entered into a collective bargaining agreement with Plaintiff IATSE, Local 11 under which Local 11 would supply stagehands to perform services related to the Boston Bruins' Fan Fest to be produced by Defendant Martin Sport & Entertainment, LLC during 2009. A copy of that collective bargaining agreement is Exhibit A.

**Answer:** Martin Sports denies the allegations as pleaded in the first sentence because these are untrue and predicated on erroneous conclusions of law. In further answer, Martin Sports states that the alleged agreement is unenforceable because: it is not a valid agreement

within the meaning of 29 U.S. C. 158(f) or one obtained consistent with the requirements of 29 U.S. C. 159(a); it was procured by acts of fraud and misrepresentation by a business agent for IATSE, Local 11; there was no requisite bargaining over, consideration for, acceptance of, or mutuality with respect to the terms of the alleged agreement; the alleged agreement was signed by someone without authority to bind Martin Sports and without authorization from Martin Sports and it was represented by Plaintiff to be a "standard one time agreement." In answer to the second sentence, Martin Sports admits only that Exhibit A is a copy of the alleged agreement.

6. On May 9, 27 and 29, Defendant Martin Sport & Entertainment, LLC produced the Boston Bruins' Fan Fest before the Boston Bruins' hockey playoff home games. As provided for under its contract with Defendant Martin Sport & Entertainment, LLC, Plaintiff IATSE, Local 11 supplied the stagehands required by Defendant Martin Sport & Entertainment, LLC to stage the events.

**Answer:** Martin Sports admits the allegations as pleaded in the first sentence, but it denies the remaining allegations of this paragraph because these are untrue and predicated on erroneous conclusions of law. In further answer, Martin Sports states that stagehands who claimed to be members of IATSE, Local 11 assisted with the Fan Fest set up and take down, but it denies that the alleged agreement is enforceable because: it is not a valid agreement within the meaning of 29 U.S. C. 158(f) or one obtained consistent with the requirements of  29 U.S. C. 159(a); it was procured by acts of fraud and misrepresentation by a business agent for IATSE, Local 11; there was no requisite bargaining over, consideration for, acceptance of, or mutuality with respect to the terms of the alleged agreement; the alleged agreement was signed by someone without authority to bind Martin

Sports and without authorization from Martin Sports and it was represented by Plaintiff to be a "standard one time agreement;" and the amounts billed for the stagehands services exceeded what Plaintiff and Martin Sports agreed was reasonable for the services provided by the stagehands.

7. On June 4, 2019, Defendant Martin Sport & Entertainment, LLC notified Plaintiff IATSE, Local 11 "that we are terminating our contract dated May 8, 2019 with Local 11."

**Answer:** Martin Sports admits the allegations as pleaded. In further answer, Martin Sports states that the email notice was forwarded because the alleged agreement is unenforceable since: it is not a valid agreement within the meaning of 29 U.S. C. 158(f) or one obtained consistent with the requirements of 29 U.S. C. 159(a); it was procured by acts of fraud and misrepresentation by a business agent for IATSE, Local 11; there was no requisite bargaining over, consideration for, acceptance of, or mutuality with respect to the terms of the alleged agreement; the alleged agreement was signed by someone without authority to bind Martin Sports and without authorization from Martin Sports and it was represented by Plaintiff to be a "standard one time agreement;" and the amounts billed for the stagehands services exceeded what Plaintiff and Martin Sports agreed was reasonable for the services provided by the stagehands.

8. The following day, Plaintiff IATSE, Local 11 sent an email to Defendant Martin Sport & Entertainment, LLC that stated: "It is Local 11's position that our contract is not subject to being unilaterally terminated. Accordingly, you should expect legal action that carries with it the potential for your Company having to compensate our members because

they were not provided the work opportunities provided for under our contract. I would urge you to reconsider."

**Answer:** Martin Sports admits the allegations as pleaded about the forwarding and content of the email, but it denies the remaining allegations of this paragraph pertaining to IATSE, Local 11's legal position because these are untrue and predicated on erroneous conclusions of law.

9. On June 6 and 12 and on October 12 and 14, 2019, Defendant Martin Sport & Entertainment, LLC produced the Boston Bruins' Fan Fest before the Boston Bruins' next two playoff games and the Bruins first two 2019-2020 home games; but it did not honor its contract with IATSE, Local 11 with the result that members of IATSE, Local 11 were denied the contractually-required work opportunities and the associated wages and benefits.

**Answer:** Martin Sports admits the allegations pertaining to its production of Fan Fest as pleaded, but it denies the remaining allegations of this paragraph because these are untrue and predicated on erroneous conclusions of law. In further answer, Martin Sports states that the alleged agreement is unenforceable since: it is not a valid agreement within the meaning of 29 U.S. C. 158(f) or one obtained consistent with the requirements of 29 U.S. C. 159(a); it was procured by acts of fraud and misrepresentation by a business agent for IATSE, Local 11; there was no requisite bargaining over, consideration for, acceptance of, or mutuality with respect to the terms of the alleged agreement; the alleged agreement was signed by someone without authority to bind Martin Sports and without authorization from Martin Sports and it was represented by Plaintiff to be a "standard one time agreement;" the amounts billed for the stagehands services exceeded what Plaintiff and Martin Sports agreed was reasonable for the services provided by the stagehands; the agreement was properly

terminated by Martin Sports; IATSE, Local 11 received requisite, timely notice of termination consistent with the requirement of applicable labor law; and neither IATSE, Local 11 nor its members provided consideration for any wages or benefits sought as a remedy in this action.

## CAUSE OF ACTION

10. Plaintiff IATSE, Local 11 realleges the allegations set out in paragraphs 1-9 above.

**Answer:** Martin Sports realleges and incorporates by references its answers to paragraphs 1-9 as if specifically reiterated in this Count.

11. Defendant Martin Sport & Entertainment, LLC breached its contract with Plaintiff IATSE, Local 11 when it failed and refused to hire employees referred by Plaintiff IATSE, Local 11 to perform the bargaining unit work associated with Defendant Martin Sport & Entertainment, LLC producing the Boston Bruins' Fan Fest before the Boston Bruins' home hockey games held on June 6 and 12 and October 12 and 14, 2019.

**Answer:** Martin Sports denies the allegations of this paragraph because these are untrue and predicated on erroneous conclusions of law.

## PRAYER FOR RELIEF

12. Wherefore, Plaintiff IATSE, Local 11 respectfully requests that the Court enter judgement against Defendant Martin Sport & Entertainment, LLC for damages in the amount of the lost wages of the individuals who were denied work opportunities as a result of Defendant Martin Sport & Entertainment, LLC's breach of contract and for the amount of the ERISA benefit plan contributions also owed under the contract. In addition, Plaintiff IATSE,

Local 11 requests that this Honorable Court grant whatever further relief that it deems right and just.

**Answer:** Martin Sports denies that Plaintiff is entitled to the relief requested in this paragraph because the pertinent allegations in this Complaint are untrue and predicated on erroneous conclusions of law.

**Wherefore,** Defendant Martin Sports & Entertainment, LLC respectfully requests that the Court enter an Order and Judgment dismissing Plaintiff's Complaint and the allegations and claims asserted in it with prejudice and awarding to Defendant pursuant 28 U.S.C. 1927 and Fed.R.Civ. P. 11 all costs and attorneys' fees it will incur in defense of this action because Plaintiff's action has been brought and maintained in violation of the statute and court rule.

    Respectfully Submitted,

    /s/John F. Welsh_____
    John F. Welsh
    BBO#522640
    Bello Welsh LLP
    125 Summer Street, Suite 1200
    Boston, MA 02110
    Main: (617) 247-4100
    Direct: (617) 247-8476
    Fax: (617) 247-4125
    jwelsh@bellowelsh.com

    /s/ Raymond Carey
    Ray Carey (P33266)
    GASIOREK, MORGAN, GRECO,
    McCAULEY & KOTZIAN, P.C.
    Attorneys for Defendants
    30500 Northwestern Highway, Ste.425
    Farmington Hills, MI 48334
    (248) 865-0001(T)
    (248) 869-0002 (Fax)

Dated: January 22, 2020    Rjcarey@gmgmklaw.com

**AFFIRMATIVE AND SPECIAL DEFENSES**

Defendant Martin Sports & Entertainment, LLC asserts the following as Affirmative and Special Defenses to Plaintiff's claims:

1. The Court lacks subject matter jurisdiction over this action since there is no justiciable case or controversy between Plaintiff and Defendant and it pertains to a dispute within the exclusive jurisdiction of the National Labor Relations Board.

2. Plaintiff has failed to state a claim upon which relief may be granted for breach of the alleged collective bargaining agreement.

3. Plaintiff's claim for breach of the alleged collective bargaining agreement is barred or preempted by either section 7 of the National Labor Relations Act, 29 U.S.C. 151, *et seq.,* because it pertains to activity arguably protected by the Act, *see* 29 U.S.C. 157, or by section 8 of the Act because it pertains to activity arguably prohibited by the Act, *see* 29 U.S.C. 157.

4. The alleged collective bargaining agreement is unenforceable because it is not a valid agreement within the meaning of 29 U.S.C. 158(f) or one obtained consistent with the requirements of 29 U.S.C. 159(a).

5. Plaintiff's claim for breach of the alleged collective bargaining agreement is barred in whole or in part because it was procured by Plaintiff's acts of misrepresentation and fraud and/or by acts of fraudulent inducement.

6. Plaintiff's claim for breach of the alleged collective bargaining agreement is barred in whole or in part because it was signed by someone without authority to bind Martin Sports and without authorization from Martin Sports.

7.      Plaintiff's claim for breach of the alleged collective bargaining agreement is barred in whole or in part because there was no requisite bargaining over, consideration for, acceptance of, or mutuality with respect to the terms of the alleged agreement.

8.      Plaintiff's claim for breach of the alleged collective bargaining agreement is barred in whole or in part by lack of and/or Plaintiff's failure to provide adequate consideration to Defendants.

9.      Plaintiff's claim for breach of the alleged collective bargaining agreement is barred in whole or in part because the agreement was properly terminated by Defendant and Plaintiff received requisite notice of termination consistent with the requirements of applicable labor law.

10.     Plaintiff's claim for breach of the alleged collective bargaining agreement is barred in whole or in part by mistake, innocent misrepresentation, and impossibility of performance.

11.     Plaintiff's claims for breach of the alleged collective bargaining agreement are barred by principles of waiver.

12.     Defendant's alleged breach of the alleged collective bargaining agreement conduct was not a substantial and foreseeable cause of Plaintiff's alleged damages.

13.     Plaintiff and its members have failed to mitigate their alleged damages or have mitigated these such that Defendant is entitled to a set-off.

14.     Defendant reserves the right to amend these Affirmative and Special Defenses based on facts disclosed during discovery, which has not yet commenced.

**Wherefore,** Defendant Martin Sports & Entertainment, LLC respectfully requests that the Court enter an Order and Judgment dismissing Plaintiff's Complaint and the

allegations and claims asserted in it with prejudice and awarding to Defendant pursuant 28 U.S.C. 1927 and Fed.R.Civ. P. 11 all costs and attorneys' fees it will incur in defense of this action because Plaintiff's action has been brought and maintained in violation of the statute and court rule.

                                        Respectfully Submitted,

                                        */s/John F. Welsh*_____
                                        John F. Welsh
                                        BBO#522640
                                        Bello Welsh LLP
                                        125 Summer Street, Suite 1200
                                        Boston, MA 02110
                                        Main: (617) 247-4100
                                        Direct: (617) 247-8476
                                        Fax: (617) 247-4125
                                        jwelsh@bellowelsh.com

                                        */s/ Raymond Carey*_____
                                        Ray Carey (P33266)
                                        GASIOREK, MORGAN, GRECO,
                                        McCAULEY & KOTZIAN, P.C.
                                        Attorneys for Defendants
                                        30500 Northwestern Highway, Ste.425
                                        Farmington Hills, MI 48334
                                        (248) 865-0001(T)
                                        (248) 869-0002 (Fax)
Dated: January 22, 2020         Rjcarey@gmgmklaw.com

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing instrument was served upon the attorneys of record of all parties herein at their respective addresses disclosed on the pleadings on January 22, 2020. I declare under penalty of perjury that the statement above is true to the best of my knowledge, information and belief.

By:
- ☐ U.S. Mail
- ☐ Hand Delivered
- ☐ Federal Express
- ☐ FAX
- X E-filing
- ☐ Email

Signature: _____*/s/ Randi Donegan*_____
                                Randi Donegan