UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| INTERNATIONAL ALLIANCE OF THEATRICAL STAGE EMPLOYEES, MOVING PICTURE TECHNICIANS, ARTISTS AND ALLIED CRAFTS, LOCAL 11, <br><br>　　　　Plaintiff, <br><br>　　v. <br><br>MARTIN SPORTS & ENTERTAINMENT, LLC, <br><br>　　　　Defendant. | Civil Action No. 1:19-cv-12579-IT |

MEMORANDUM AND ORDER

September 21, 2021

TALWANI, D.J.

Plaintiff International Alliance of Theatrical Stage Employees, Moving Picture Technicians, Artists and Allied Crafts, Local 11 ("Local 11") alleges Defendant Martin Sports & Entertainment, LLC ("Martin Sports") breached the Parties' collective bargaining agreement by refusing to hire employees referred by Local 11 to perform the bargaining unit work in June and October 2019. Complaint ("Compl.") [#1]. Before the court is Martin Sport's Motion for Dismissal of Plaintiff's Complaint [#6] under Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), 12(c), and for summary judgment under Rule 56. For the reasons that follow, Defendant's Motion [#6] is DENIED.

I.　Motion to Dismiss

Defendant argues that Plaintiff's claim is governed by the National Labor Relations Act ("NLRA"), the NLRA vests the National Labor Relations Board ("Board") with exclusive

jurisdiction, and the Complaint [#1] should therefore be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) or for failure to state a claim under Rule 12(b)(6) and Rule 12(c).[1]

Section 301(a) of the Labor Management Relations Act ("LMRA") grants federal courts jurisdiction over "[s]uits for violation of contracts between an employer and a labor organization," including suits for breach of collective bargaining agreements. 29 U.S.C. § 185(a); see also Charles Dowd Box Co. v. Courtney, 368 U.S. 502, 513 (1962) ("Congress deliberately chose to leave the enforcement of collective agreements to the usual processes of the law" rather than sending them to the Board for resolution.). Here, Local 11 claims a violation of a collective bargaining agreement, satisfying the subject matter jurisdiction challenge, and has also alleged facts to state such a claim, namely, that on May 8, 2019, Local 11, a labor organization, entered into a collective bargaining agreement with Martin Sports under which "Local 11 would supply stagehands to perform services related to the Boston Bruins' Fan Fest" produced by Martin Sports, on May 9, 27, and 29, 2019, Local 11 supplied the stagehands required by Martin Sports to produce the Boston Bruins' Fan Fest before Boston Bruins' hockey playoff home games, on June 4, 2019, Martin Sports notified Local 11 it was terminating its May 8, 2019 contract with Local 11, and that Martin Sports produced the Boston Bruins' Fan Fest again on June 6, June 12, October 12, and October 14, 2019, but did not employ members of Local 11. Compl. ¶¶ 2, 5-7, 9 [#1].

---

[1] A Rule 12(c) motion for judgment on the pleadings is "treated much like a Rule 12(b)(6) motion to dismiss," Perez-Acevedo v. Rivero-Cubano, 520 F.3d 26, 29 (1st Cir. 2008), and is the appropriate means to challenge pleadings where, as here, the movant has filed an answer. Aponte-Torres v. Univ. of P.R., 445 F.3d 50, 54 (1st Cir. 2006); see also Fed. R. Civ. P. 12(c) (a party may bring a motion under Rule 12(c) "[a]fter the pleadings are closed – but early enough not to delay trial").

Martin Sports does not dispute Local 11 is suing for breach of a collective bargaining agreement, but argues the claim is "primarily representational" and therefore belongs before the Board. Mem. in Support Mot. Dismiss ("Mem.") 16 [#6]. Martin Sports contends the court would have to resolve two "representational" questions: (1) whether Local 11 was the duly certified bargaining representative under either section 8(f) or 9(a) of the NLRA for the stagehands who worked in May 2019 during the Bruin's Fan Fests and (2) whether Local 11's business manager sending the alleged collective bargaining agreement to Martin Sports fulfilled Local 11's obligations to bargain in good faith. Id. at 15. But even if a representational question is intertwined in the contract dispute, where a claim is both representational and contractual, *e.g.*, a claim that alleges conduct violates a collective bargaining agreement and constitutes an unfair labor practice or otherwise violates the NLRA, courts retain jurisdiction over the contract portion of the claim. See William E. Arnold Co. v. Carpenters Dist. Council, 417 U.S. 12, 16 (1974); see also Amalgamated Ass'n of St., Elec. Ry. & Motor Coach Emp. of Am. v. Lockridge, 403 U.S. 274, 298 (1971) ("In s 301 of the Taft-Hartley Act, 61 Stat. 156, Congress authorized federal courts to exercise jurisdiction over suits brought to enforce collective-bargaining agreements. We have held that such actions are judicially cognizable, even where the conduct alleged was arguably protected or prohibited by the National Labor Relations Act because the history of the enactment of s 301 reveals that Congress deliberately chose to leave the enforcement of collective agreements to the usual processes of the law.") (internal citation and quotation omitted); Vaca v. Sipes, 386 U.S. 171, 180-81 (1967). Accordingly, the motion to dismiss is denied.

II. Motion for Summary Judgment

Defendant also moves under Rule 56, arguing the undisputed facts show the agreement

between Local 11 and Martin Sports was a one-time agreement, terminable at will. Mem. 19 [#6].

Under Rule 56, the court will grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. A fact is material when, under the governing substantive law, it could affect the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Baker v. St. Paul Travelers Ins. Co., 670 F.3d 119, 125 (1st Cir. 2012). A dispute is genuine if a reasonable jury could return a verdict for the non-moving party. Anderson, 477 U.S. at 248. Under Local Rule 56.1, a party seeking summary judgment must include "a concise statement of the material facts of record as to which the moving party contends there is no genuine issue to be tried, with page references to affidavits, depositions and other documentation. Failure to include such a statement constitutes grounds for denial of the motion."

Here, Defendant has failed to include a Statement of Undisputed Material Facts, and summary judgment may be denied for this reason. In any event, the Affidavits [#6-1], [#6-2], offered in support of the summary judgment motion do not establish as a matter of law that the agreement was a one-time agreement, terminable at will. Moreover, these Affidavits are contradicted by Local 11's proffered Affidavit asserting that the agreement was not indefinite, but instead covered Martin Sports' 2019 production of the Boston Bruins' Fan Fest. Affidavit Colleen Glynn [#36-1]. Accordingly, Martin Sports has not shown that it is entitled to summary judgment.

III.  Conclusion

      For the aforementioned reasons, Defendant's Motion [#6] is DENIED.

IT IS SO ORDERED.

Date: September 21, 2021                                       /s/ Indira Talwani
                                                               United States District Judge